**KAI WANG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**No. 07–5279–ag.**

United States Court of Appeals, Second Circuit.

July 16, 2008.

---

Fengling Liu, New York, NY, for petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Michael P. Lindemann, Assistant Director; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Kai Wang, a native and citizen of the People's Republic of China, seeks review of a November 21, 2007 order of the BIA affirming the February 14, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for relief under the Convention Against Torture ("CAT"). *In re Kai Wang,* No. A 97 959 059 (B.I.A. Nov. 21, 2007), *aff'g* No. A 97 959 059 (Immig. Ct. N.Y. City Feb. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005). In his appeal from the IJ's decision, Wang argued that he had demon-

strated past persecution on account of his practice of Falun Gong. The BIA declined to review that argument. However, in his brief to this Court, Wang fails to raise any past persecution claim or challenge to the BIA's decision in this regard. Thus, we deem any such arguments waived. *See id.*

We conclude that substantial evidence supports the agency's determination that Wang failed to establish eligibility for relief under the CAT. The agency reasonably found that Wang's documentation did not establish that it was more likely than not he would be tortured. *See* 8 C.F.R. § 1208.16(c). The 2005 State Department Profile of Asylum Claims and Country Conditions for China ("Profile") indicates that Chinese nationals returned to China from the United States are detained only long enough for relatives to arrange their travel home, fines are rare, and U.S. officials have not confirmed any cases of abuse of such persons, although organizers or enforcers of illegal migrant trafficking are liable to face criminal prosecution. Profile at 160. The treatment described in the Profile would not amount to torture. 8 C.F.R. § 1208.18(a)(1).

Even assuming that Wang would be detained upon his return to China, he failed to submit evidence that Chinese nationals who left illegally are subject to mistreatment or torture in detention. In particular, while he claimed that individuals from his village were detained and beaten due to their illegal departure, he failed to submit every anecdotal evidence corroborating that claim. Further, while the Amnesty International report and 2004 State Department Country Report on Human Rights Practices for China submitted by Wang indicate that torture and ill-treatment may occur in China, the agency reasonably concluded that those documents were "too general" to establish that Wang in particular was likely to be tortured. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence). Likewise, the agency reasonably found that the statements from Wang's father and friend in China were not probative as to whether it was more likely than not that someone in Wang's circumstances would be tortured in China. Although Wang's father and friend asserted that he "may be sentenced to prison or detention," and that the police department "execut[es] a higher level of punishment on smugglers," Wang himself was not a smuggler, and his father and friend failed to reference the basis for their assertions regarding the punishments inflicted. Thus, the agency reasonably concluded that Wang failed to meet his burden to establish eligibility for relief under the CAT. *See* 8 C.F.R. § 1208.16(c)(2).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED.